PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON M. GARLAND, | ) | CASE NO. 4: 24 CV 298 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| MAJOR DANIEL MASON, *et al*., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) | |

**I. Background**

*Pro se* Plaintiff Jason Milford Garland has filed an *in forma pauperis* prisoner civil rights Complaint in this case against Major Daniel Mason, Chaplain Tom, and Sergeant Maynard under 42 U.S.C. § 1983. ECF No. 1.

In its entirety, his statement of claim states:

Housed at Trumbull County Jail 6/23/2023
since 6-23-2023 -- on going
cruel and unusual punishment, d[e]graded, humiliated
Trumbull County Administrations
denied kufi, Qurans
rash breakout of scabies on head, fungus on feet still ongoing.

ECF No. 1 at PageID#: 3.

Defendant seeks compensatory and punitive damages as relief.

1

(4: 24 CV 298)

## II. Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of complaints for failure to state a claim under § 1915(e)(2)(B)). Although detailed allegations are not required, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579 (6th Cir. 2001).

2

(4: 24 CV 298)

Upon review, the Court finds that Plaintiff's Complaint must be dismissed in accordance with § 1915(e)(2)(B). Even under the liberal construction afforded *pro se* pleadings, Plaintiff's Complaint does not set forth cogent factual allegations or legal claims against each Defendant. The vague and conclusory statements and sentence fragments set forth in his pleading fail to meet basic pleading requirements and are insufficient to state any plausible federal claim against any Defendant above a speculative level upon which he may be granted relief. See *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

It is also well established that a plaintiff cannot establish the liability of any defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities which forms the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Murphy v. Grenier*, 406 Fed. App'x. 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish Section 1983 liability").

Plaintiff's Complaint fails to set forth cogent allegations suggesting that, or how, each Defendant was personally involved in the misconduct of which he complains; therefore, his Complaint is subject to dismissal even under the liberal standard accorded *pro se* pleadings. See *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Mich. 2002) ("damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation

(4: 24 CV 298)

recited in the complaint and what each defendant did to violate the asserted right"); *Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

### III. Conclusion

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* in this matter (ECF No. 2) is granted, and for the foregoing reasons, his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Jason Milford Garland at Trumbull County Jail, 150 High Street Northwest, Warren, OH 44481.

IT IS SO ORDERED.

| | |
|---|---|
| May 31, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |